IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY JAMES EDDINS, #237521, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-869-WHA |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Gregory James Eddins ["Eddins"], a state inmate, on October 25, 2008. In his petition, Eddins alleges his present incarceration in the Alabama prison system is illegal because he received a pardon on September 1, 2006 upon his transfer to South Louisiana Correctional Center in Basile, Louisiana. Eddins further contends that his subsequent transfer to a private correctional facility in Perry County, Alabama violated double jeopardy as he had previously been pardoned.

In their answers, the respondents argue Eddins has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Eddins may file a Rule 32 petition in which he presents claims challenging the constitutionality of his current incarceration.[1]

Upon review of the respondents' answers, the court entered an order affording Eddins an

---

[1] The respondents likewise argue that Eddins' claims are without merit as he has not received a pardon from the Alabama Board of Pardons and Paroles regarding the conviction on which he is currently incarcerated. The evidentiary materials submitted by the respondents support this assertion. Nevertheless, as it is appropriate to allow the state courts an opportunity to address Eddins' claims prior to any determination by this court on the merits of such claims, this court makes no determination regarding the merits of the instant claims for relief.

opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *Order of January 6, 2009 - Court Doc. No. 15*. In response to this order, Eddins makes the conclusory assertion that the issues he presents are federal in nature "to which, the State of Alabama has no jurisdiction." *Plaintiff's January 13, 2009 Response - Court Doc. No. 16* at 3. Eddins also argues that because the State did not receive "prior approval of the United States Congress" permitting his transfer to a private correctional facility in Louisiana "this case is a federal matter to which a state has no jurisdiction, or state remedy to exhaust." *Id.* These allegations are without merit as state courts retain jurisdiction over claims challenging the constitutionality of an inmate's confinement even though these claims may be premised upon asserted violations of federal law and must be provided an opportunity to address these claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-1733 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

## DISCUSSION

An application for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). "An

applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is clear that Eddins has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of the state court collateral proceeding as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Eddins can pursue those state court remedies available to him.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and that the petition be DISMISSED without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that **on or before January 29, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of January, 2009.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE